liKNOLL, Judge.
Plaintiffs filed suit against K-Mart for damages sustained by Vicki Cooley (Cooley) when a K-Mart employee bumped Cooley’s arm and shoulder region with a lightweight stereo box. The plaintiffs appeal from a judgment, based upon a jury verdict, in favor of K-Mart. We affirm.
FACTS
Before the accident in question at K-Mart, Cooley sustained head, neck and shoulder injuries from a traffic accident occurring in the South traffic circle in Alexandria in May of 1991. Approximately six months later, on December 6, 1991, Cooley was either brushed, bumped, touched, or struck in her arm and shoulder region by Michael Granger (Granger), a K-Mart employee, when he placed a box containing a lightweight bookshelf stereo resembling a portable “boom box” on the K-Mart lay-away counter in DeRidder, Louisiana. Cooley, her husband, and children filed suit against K-Mart on February 26, 1992. Cooley alleged in her petition for damages that the contact with the “boom box” had caused serious and disabling injuries to her left arm, left hand, shoulder, collar bone, breast bone, shoulder blade, and right hand. At trial, Granger testified that he never felt the stereo box touch Cooley. Granger also stated that he was not even aware of the accident until another K-Mart employee working behind the lay-away counter told him about it.
|2The medical evidence is not disputed. Cooley had a thoracic outlet syndrome[1] on both her left and right sides. She underwent corrective vascular surgery before trial to allay the pain caused by these injuries.
What was seriously disputed was the cause of Cooley’s injuries. In her medical history that she gave to her various doctors, she related the K-Mart accident with much more exaggeration than borne by the record. For instance: “... she fell with the box across the upper portion of her arm.” (she told Dr. James David); “... an employee of K-Mart dropped a stereo on her left shoulder and arm ...” (she told to Dr. Dale Bernauer); “... a stereo fell and hit her in the left shoulder ...” (she told to Dr. Dean Moore). Thus, her doctors opined that her thoracic outlet syndromes were as a result of the K-Mart accident.
The record shows that the object which hit or bumped Cooley was a lightweight bookshelf stereo resembling a portable “boom box,” weighing approximately 5-8 pounds. The object did not fall on her, nor was she knocked down from contact with it. The record shows that Cooley’s contact with the object was more in the nature of a slight bumping on her arm and shoulder region.
K-Mart countered Cooley’s version of the accident, as related to her doctors, with the testimony of an employee who witnessed the accident, as well as Granger, the employee who carried the box that hit Cooley. Gran-ger testified that the contact with Cooley was so light that he was not even aware that he had hit Cooley with the box. At trial, Cooley did not refute K-Mart’s version of the accident. She primarily relied upon the history she gave her doctors.
K-Mart also presented clear and persuasive evidence of Cooley’s injuries from the automobile accident six months prior to the K-Mart accident, wherein she sustained head, neck and shoulder injuries for which she was still being treated. She had complaints of pain consistent with thoracic outlet syndrome when the K-Mart accident occurred.
The jury heard all the evidence and resolved all issues in favor of K-Mart.
*837 MANIFEST ERROR
In the case sub judice, the record shows that the jury was presented with two conflicting explanations for the eause-in-fact of Cooley’s injuries. K-Mart argued that Cooley’s injuries were 18caused by her traffic accident in May of 1991. On the other hand, Cooley argued that her injuries were caused by the events occurring at K-Mart on December 6,1991. The jury resolved this issue in favor of K-Mart.
Causation is a factual issue to be determined by the fact finder. Cay v. State, DOTD, 93-0887 (La. 1/14/94), 631 So.2d 393. A court of appeal may not set aside a trial court’s or a jury’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong.” Rosell v. ESCO, 549 So.2d 840 (La.1989). After a careful review of the entire record, we conclude that the jury, as trier of fact, was presented with two permissible views of causation and that the jury’s choice was not manifestly erroneous or clearly wrong. Cooley simply faded to prove by a preponderance of the evidence that the accident at K-Mart caused her injuries. See, Theriot v. Lasseigne, 93-2661 (La. 7/5/94), 640 So.2d 1305. As summarized by the Louisiana Supreme Court:
[T]he issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the factfin-der’s conclusion was a reasonable one. See generally, Cosse v. Allen-Bradley Co., 601 So.2d 1349,1351 (La.1992); Housley v. Cerise, 579 So.2d 973 (La.1991); Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106, 1112 (La.1990). Even though an appellate court may feel its own evaluations and inferences are more reasonable than the factfinder’s, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Rosell v. ESCO, 549 So.2d 840 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). However, where documents or objective evidence so contradict the witness’s story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable factfinder would not credit the witness’s story, the court of appeal may find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination. Rosell, 549 So.2d at 844-45. Nonetheless, this Court has emphasized that “the reviewing court must always keep in mind that ‘if the trial court or jury’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.’ ” Housley v. Cerise, 579 So.2d 973 (La.1991) (quoting Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106, 1112 (La.1990)).
Stobart v. State, DOTD, 617 So.2d 880, 882-83 (La.1993).
For the foregoing reasons, the judgment of the trial court in favor of K-Mart is hereby affirmed. Costs of this appeal are assessed to the plaintiffs.
AFFIRMED.
AMY, J., concurs.
SAUNDERS, J., dissents with reasons.

. Thoracic outlet syndrome is a compression of the brachial plexus and subclavian artery by attached muscles in the region of the first rib and the clavicle. It is caused by a stretching of the nerves and vessels across the first rib going to the arm.